## AUGUST HEMAN, Respondent, v. ELIZABETH A. FARISH et al., Appellants.

### St. Louis Court of Appeals, December 23, 1902.

1. **Municipal Corporations: PUBLIC IMPROVEMENTS: SPECIAL TAXES: SPECIAL TAX BILL: ACTION.** Under the charter of the city of St. Louis, article 6, section 25, declaring that the certificate to a tax bill shall be prima facie evidence that the work and material charged in the bill have been furnished and that the work has been executed, and of the correctness of the prices, and of the liability of the persons therein named as the owners of the land charged with such bill to pay the same, the admission of a special taxbill in an action thereon establishes a prima facie case in favor of plaintiff.

2. ——: ——: ——: ——: **CONSTRUCTION OF CHARTER OF ST. LOUIS.** Under the charter of St. Louis, article 6, section 22, requiring the cost of sewers to be assessed on the property of the district, no recovery on a special taxbill for such an improvement can be had without such an assessment.

3. ———— : ———— : ————. The St. Louis charter, article 6, section
22, provides that as soon as a district sewer, etc., is fully com-
pleted, the board of public improvements shall assess the costs
as a special tax against all lots in the district, etc., pro rata,
and that the board shall cause to be made out a certified bill
of such assessment against each lot in the district, *held*, that
where the board, after receiving the sewer commissioner's report,
showing the aggregate cost of the construction of a sewer, approved
the report, and, having before it a computation of the whole area
of the sewer district, referred the matter to the president of
the board to make out the special taxbills, which he presented
to the board without their being dated or signed, when they were
approved by the board, and dated and signed by the president,
the approval of the bills constituted an assessment, within the
meaning of section 22, article 6 of the charter of the city of St.
Louis.

Appeal from St. Louis City Circuit Court.—*Hon. War-
wick Hough*, Judge.

AFFIRMED.

*E. T. Farish* for appellant.

(1) The assessment must be made in the manner
provided by the statute which authorized the taxation,
and a departure in any material part is fatal. Black-
well, Tax Titles (2 Ed.), 255; Dillon, Mun. Corp. (4
Ed.), sec. 769; Lyon v. Alley, 130 U. S. 177; Marx v.
Hanthorn, 148 U. S. 172. (2) This is especially true
of special assessments for local improvements. 2
Desty, Taxation, p. 1331; Cooley, Taxation (2 Ed.), p.
659; Camerson's Case, 50 N. Y. 502; Sharp v. Spier,
4 Hill 76; Warren v. Grand Haven, 30 Mich. 24; St.
Louis v. Rankin, 96 Mo. 497; Henderson v. Casey, 3
Bush. 698. (3) Where a board is required to make the
assessment, that duty can not be performed by an in-
dividual member or an employee. Metcalfe v. Mes-
senger, 46 Barb. 325; Middleton v. Berlin, 18 Conn.
197; People v. Hager, 49 Cal. 229; Oteri v. Parker, 42
La. Ann. 374; Bank v. Land Co., 73 Me. 404. (4)
These liens are creations of law and to establish them
every step prescribed by law must be taken. Proceed-

ings for the enforcement of such liens are *in invitum* and must be strictly construed. Leach v. Cargill, 60 Mo. 316; Kiley v. Oppenheimer, 55 Mo. 374; Church v. People, 179 Ill. 205; Stockton v. Whitmore, 50 Cal. 554.

*Hickman P. Rodgers* for respondent.

(1) The board of public improvements did make an assessment in conformity with the charter. Heman v. Allen, 156 Mo. 534. (2) The taxbill bore interest at the rate of fifteen per cent per annum from demand. Charter of City of St. Louis, art. 6, sec. 25, R. S. 1899, p. 2513. (3) "The institution of suit on such special taxbill is equivalent to the demand of payment for the determination of the right of penal interest on the taxbill." Syllabus, Bambrick v. Campbell, 37 Mo. App. 460.

BLAND, P. J.—The suit is on a special taxbill issued against a lot of defendants' situated on Vandeventer avenue in the city of St. Louis. The petition is in the usual form. The answer was a general denial. The issues were submitted to the court without a jury. The plaintiff read the taxbill in evidence and rested. The bill is as follows:

## SPECIAL TAXBILL.

### OFFICE OF PRESIDENT OF BOARD OF PUBLIC IMPROVEMENTS.

St. Louis, Jan. 8, 1889.

No. 7038.

Elizabeth A. Farish, 3833 Delmar Ave.
(Wife of Edward T.)

To August Heman (Contractor), Dr.

For constructing sewers in Vandeventer avenue Sewer District No. 1 under authority of ordinances Nos. 14625, 14680, 13076, 13482 and 13586 and under contract No. 1454.

| Boundaries | | | | Description | | Feet Front of Lot. | Feet Deep of Lot. | Area Square Feet in District. | Area Square Feet in Lot. | Total cost of sewer. | | Rate per 100 Square Feet. | | | Amount. | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| North. | East. | South. | West. | No. of Block. | No. of Lot. | | | | | Dolls. | Cents. | Dolls. | Cents. | | Dolls. | Cents. |
| Alley. | Williamson. | Delmar ave. | Valle. | 3750. | | 35.0 | 150.0 | 16,706,365 | 5250 | 243,336 | 09 | 1 | 45 | 655 | 76 | 47 |
| | | | | | | | | | | | | Int. to 12-4-1891 | | | 20 | 86 |
| | | | | | | | | | | | | | | | 07 | 33 |

I hereby certify, that as shown by the certificate of the sewer commissioner, on file in this office, the above mentioned work was done and material furnished by the above mentioned contractor. I further certify that the board of public improvements has assessed the cost of the sewers in said district upon the property-owners thereof according to law; that the rates, or prices and amount, viz: seventy-six—47·100 dollars are correct, and that the person herein named as the owner of the land, and charged with the bill, is liable to pay the same.

Received payment in full of the above amount,

R. A. CAMPBELL,
Comptroller.

St. Louis...................

HENRY FLAD,
President of the Board of Public Improvements.

By section 25, article 6, charter of the city of St. Louis, the certificate to the taxbill is made "prima facie evidence that the work and material charged in such bill shall have been furnished and of the execution of the work, and of the correctness of the rates of prices, amount thereof, and of the liability of the person therein named as the owner of the land charged with such bill to pay the same." The taxbill, therefore, made out a prima facie case in favor of the plaintiff.

Section 22, article 6, of the charter, provides that, "As soon as a district sewer, with its inlets, manholes and other appurtenances is fully completed, the said board [referring to the board of public improvements] shall cause to be computed the whole cost thereof, and shall assess it as a special tax against all the lots of ground in this district respectively, without regard to improvements and in proportion as their respective areas bear to the area of the whole district, exclusive of the public highway; and the board shall cause to be made out a certified bill of such assessment against each lot in the district, in the name of the owner thereof."

The taxbill in suit, as shown on its face, was issued on account of a district sewer, in Vandeventer avenue sewer district number one, constructed by plaintiff under a valid contract made with the city in pursuance of the ordinances named in the taxbill.

To overcome the prima facie case made by plaintiff, the defendants offered the following:

"Q. What is your position, if any, in the city government, here? A. Secretary of the board of public improvements.

"Q. As such, you have custody of the records of the board of public improvements? A. I have, sir.

"Q. You have brought them here to court, have you, in obedience to the subpoena? A. Yes, sir.

"Q. I will get you, if you please, to turn to date December 11, 1888, page 356, of volume 16 of the records of the board of public improvements and read there what occurs with reference to the communication of the sewer commissioner to the board of public im-

provements? A. The sewer commissioners submitted the following report:

" 'St.Louis, December 11, 1888.

" 'I hereby certify that August Heman has completed the work embraced in his contract number 1454 for the construction of sewer in Vandeventer sewer district number one as shown on the accompanying diagram, and that I have accepted the same in accordance with the specifications and stipulations in his said contract. I have also caused the said work to be carefully measured and the whole cost thereof to be computed according to the terms and prices of his said contract, and I hereby report that the same amounts to $243,336.-09 as shown in detail by the statement hereto attached.

(Signed)    " 'ROBERT E. McMATH,
    " 'Sewer Commissioner.'

"Attached is the computation No. 254 'Computation of the total cost of sewers in Vandeventer sewer district No. 1, constructed by August Heman, under contract No. 1454, and ordinances 13076, 13482, 13625, 14596, and 14630: There is a very long lot of figures there; I do not know whether you want them all read?

"Q. No, sir; and at the bottom is the action of the board. Read that, after those figures. A. 'Referred to the president, with instructions to make out the necessary special taxbills.' That is on page 360, volume 16.

"Q. And the first that you read? A. The first was on page 356, volume 16.

"Q. What you read as being on page 356? A. Excerpt from the records of December 11, 1888.

"Q. Was it a report of the sewer commissioner? A. Report of the sewer commissioner, with the computation of the work done attached.

"Q. By which he certified that August Heman had completed the work embraced in his contract No. 1454 for the construction of sewers in Vandeventer avenue sewer district No. 1, as shown in the accompanying diagram. Is there any diagram here? A. No, sir; the

diagram is on file in the office, but there is a copy of the computation.

"The Court: What is the description of the lot in controversy here?

"Mr. Rodgers read the description from the taxbill.

"Witness (referring to the record): That is a computation of the whole area in the district; that is to show that the president was authorized and directed to draw the taxbill.

"Mr. Farish: I understand this to be a report, your honor, of the sewer commissioner, signed by Robert E. McMath, sewer commissioner, in which is set forth the brick sewer, dimensions, diameters, etc., pipe sewers, total length of brick and pipe sewers, inlets, manholes, and work computed December 1, 1888, and dimensions of brick sewers, and so on. It commences on page 356, and extends over pages 357, 358, 359, 360, 361 and 362, and after footing up all these amounts and the areas of these different sewers, gives the aggregate amount. This report was referred to the president with instructions to make out the necessary special taxbills. Then that is the end of it (to witness) is it not? A. Yes, sir; that is the end of it, until the taxbill was brought in to be approved.

"Q. I will get you to turn to volume 16, page 433, under date of January 8, 1889, and read the excerpt there, if you please? A. In reference to the president submitting taxbills?

"Q. For Vandeventer avenue, yes, sir. A. The president submitted special taxbills for the construction of the sewer in Vandeventer sewer district No. 1, by August Heman, under contract No. 1454 and ordinances Nos. 13076, 13482, 13625, 14596, 14630, approved by the following votes:

"'Ayes: Burnett, Holman, Klemm, Murphy, McMath, and President Flad, 6.

"'Nays: None.'

"Mr. Farish: I submit the foregoing excerpts from the records of the proceeding of the board of

public improvements with the assertion that that is all the minutes of the board showing any action towards making an assessment of all the property embraced in that sewer district.

"The said records are here produced under a subpoena *duces tecum,* and if there is any other matter appearing thereby which counsel would like to call the court's attention to, he may do so."

This was all the evidence. At the request of defendants, the court made a finding of facts. This finding is as follows:

"The court finds that the taxbill sued on was certified by the president of the board of public improvements, and that his certificate contains the following as a part thereof: 'I further certify that the board of public improvements has assessed the cost of the sewers in said district upon the property-owners thereof according to law; that the rates or prices and amounts, viz., seventy-six and forty-seven hundredths dollars are correct, and that the person herein named as the owner of the land, and charged with the bill, is liable to pay the same.' And the court further finds that in December, 1888, the sewer commissioner computed the whole cost of the Vandeventer avenue and lateral sewers, giving a detailed statement of the cost of each portion of the work, and stating that he had accepted the work and that the aggregate cost was $243,336.09; and reported the same to the board of public improvements, and said report was by the board referred to the president thereof with instructions to make out the necessary taxbills; and afterwards, on January 8, 1889, the president submitted the special taxbills for the construction of sewers in Vandeventer avenue sewer district No. 1 by August Heman, under contract No. 1454, and ordinances numbers 13076, 13482, 14625, 13596, and 14630 to the board for approval, and said taxbills were approved by the following vote: Ayes—Burnett, Holman, McMath, Klemm, and Murphy and President Flad. Nays—None.

"I further find that the taxbill sued on is one of the foregoing, and is dated January 8, 1889, the same day on which it was submitted to the board and approved by it, and presumptively and in accordance with the certificate of the president of the board, I find it was signed and issued by him after it was approved by the board.

"I further find that no demand was made upon Mrs. Farish for the amount of said taxbill prior to the institution of this suit."

Defendant saved exceptions to the finding of the facts and moved the court to give certain instructions which the court refused to do. The court found the issues for plaintiff, gave judgment for the face of the taxbill ($76.47) and fifteen per cent interest per annum thereon from December 24, 1890, to the date of the rendition of the judgment. Defendants filed a timely motion for new trial. This the court overruled and defendants appealed.

1. The contention of appellants is that the board of public improvements did not make the assessment required by section 22, article 6, of the city charter. As an assessment is the basis of taxation, the special taxbill sued on is void unless grounded on a valid assessment made by the tribunal to whom the power to make the assessment is delegated by the charter. Collins v. Trotter, 81 Mo. l. c. 283; The St. Louis & S. F. Ry. Co., 114 Mo. 1; St. Louis v. Wenneker, 145 Mo. 230; State v. Railroad Co., 149 Mo. 635.

The scheme of assessment provided by the charter for raising money to pay for the construction of district sewers is to divide the cost of the construction of the sewer by the whole number of square feet of ground in the sewer district, excluding public highways, and thus find the percentage with which each square foot of ground should be charged. This percentage forms the basis of the assessment and its ascertainment is to fix or determine the rate of special taxes.

Vol 97 app—26.

The board of public improvements is not required by the charter or by any ordinance to list the lots in the sewer district or to make out any form of tax list. The charter provides simply that the board shall make the assessment, that is, ascertain the rate of taxation and the portion of cost of construction each lot shall bear after having approved the construction and cost of construction. The board had before it the report of the sewer commissioner showing in detail and in the aggregate the entire cost of construction. This report is approved. It had also a computation of the whole area of the sewer district, excluding public highways, and presumably the area of each lot within the district. The ascertainment of the rate of taxation, therefore, and of the amount with which each lot should be assessed were matters of mathematical calculation which would take considerable time to work out. Had the board directed its president or its clerk to make these calculations and ascertain the amount of taxes against each lot and then approved the work and directed its president to make out taxbills from such list, it could not be contended that the board did not assess the lots in advance of its order to the president to make out the taxbills. Yet this is substantially what was done. The taxbills as made out and presented to the board are only taxbills in form; for they were neither dated nor signed. Collectively they showed all the lots in the district, the area of each lot, the rate of taxation and the taxes to be assessed against each lot and the aggregate of taxes the assessment would raise. In this condition they were submitted to the board and by it approved. They did not become taxbills in fact until after the order of the board approving them was made, as is shown by the findings of the court. When approved, they were but descriptions of each lot to be assessed with the rate of taxation and the amount of taxes stated opposite the description of the lot. They did not become taxbills, within the meaning of section 24, article 6, of the charter, until after they were dated and signed by the president of the board. We think, therefore, that the resolution of the

board approving the taxbills as presented by the president of the board, prior to their being dated and signed and before they took effect as taxbills, was in form and substance an assessment within the meaning of section 22, article 6, of the charter, in allowing interest, the Court followed Eyermann v. Provenchere, 15 Mo. App. 256, and affirm the judgment. *Barclay* and *Goode, JJ.,* concur.