THE STATE ex rel. BARBER ASPHALT PAVING COMPANY v. CITY OF ST. LOUIS et al.

In Banc, June 22, 1904.

1. **BENEFIT ASSESSMENT: Wrongfully Defined District: New Taxbills.** The owner of taxbills issued in payment for an improvement to a street, is, upon an offer to surrender them, entitled to new taxbills, when those issued can not be enforced because the assessment district was not defined and established according to the city charter.

2. ————: ————: **Platted Lots: Depth of Lots.** For platted lots ending midway between the street improved and the next parallel street, the assessment district for a public improvement to the street, under the charter of St. Louis, extends only to the midway line between the street improved on which the lots front and the next parallel street, although the owner may disregard the lot lines, and for residence purposes use them as one lot extending from street to street. "The depth of the lots" in such case being extended by the plat to the midway line, that line is the limit of the benefit district.

3. ———: ———: **Unplatted Lots: Midway Line.** Where the tract of ground fronting on the street improved is an unplatted one, only that part thereof which lies between the street improved and the midway line between that street and the next parallel street, should be included in the benefit district.

4. ———: ———: **Platted Lots: Extending Beyond Midway Line.** Where the lots fronting on the street improved are platted and extend beyond the midway line between that street and the next parallel street, the benefit district should include them to their entire depth and not simply to the midway line.

## Mandamus.

WRIT AWARDED.

*Finkelnburg, Nagel & Kirby* and *Allen C. Orrick* for relator.

We understand the cases to decide that the midway line shall be adhered to in all cases except: 1. Where a platted lot fronts upon the street to be improved and extends beyond the midway line; 2. Where two or more platted lots used as one front upon the street to be improved and extend beyond the midway line. Collier's and Kauffman's case, 180 Mo. 362.

*Charles W. Bates* for respondents.

GANTT, J.—This is an original proceeding in this court by the relator to obtain a peremptory writ of mandamus against the city of St. Louis and its board of public improvements, directing them to receive and cancel certain special taxbills heretofore issued by said board to the Gilsonite Roofing and Paving Company in payment for work and material done and furnished by said company in the reconstruction of Grand avenue in said city from LaFayette avenue to Papin street, which said special taxbills had been duly assigned to and become the property of the relator, the Barber Asphalt Paving Company, and to issue in lieu thereof new and

other special taxbills based upon a district established in accordance with the provisions of the amended charter of St. Louis.

The petition was filed, and the defendants waived the issuance of the alternative writ, and entered their appearance, and demurred to the petition, as and for the alternative writ.

The petition alleges the incorporation of relator and its right to do business under the laws of this State; that on the recommendation of the board of public improvements of the city of St. Louis, there was passed by the Municipal Assembly and approved by the mayor of said city, on or about April 16, 1902, an ordinance known and designated as Ordinance No. 20666, entitled, "An Ordinance to reconstruct Grand avenue from LaFayette avenue to Papin street." The ordinance is then set out *in haec verba,* prescribing in detail the kind and nature of the material of which said pavement was to be constructed, and the various proportions and dimensions thereof, and in section 4 thereof defining the benefit or tax district which should be subjected to the cost of said improvement, and the levying of the special tax thereon, and providing for the issuance of special taxbills as required by the charter as amended.

It is then alleged that the board of public improvements advertised for the work to be done as provided in said ordinance, and the contract was awarded to the Gilsonite Paving & Roofing Company; that said company performed the work prescribed in the ordinance and completed the reconstruction of Grand avenue in accordance with the terms thereof; that thereafter there were made out and delivered by the president of the board of public improvements, and by him registered in his office in full, special taxbills in favor of said Gilsonite Roofing & Paving Company for the reconstruction of said Grand avenue under said ordinance 20666, which were certified and delivered by the president of

said board to the comptroller of said city, and which were by him, in turn, registered and countersigned and delivered to said Gilsonite Roofing & Paving Company, in payment of said work; that thereafter said taxbills were assigned to relator herein; that the assessment district, for said work, upon which said special taxbills were issued, was not established in accordance with the provisions of the charter of said city, in this, that said district included the whole of the property belonging to Mathilda Manley, running from Grand avenue to Carr Lane avenue, city block Number 1279, whereas only that portion of said property west of a line midway between Grand avenue, the street to be improved, and Carr Lane aveune, the next parallel street thereto, should have been included in said assessment district; for the reason that the property of said Manley was originally platted into ten lots numbered 8 to 13 inclusive and from 15 to 19 inclusive; lots 8 to 12 inclusive fronting on Carr Lane avenue and running west to the midway line between said Carr Lane avenue and said Grand avenue, and lots 15 and 19 inclusive fronting on Grand avenue and running east to said midway line, the owner of said property having disregarded the lot lines and used all of said lots for a residence plot. That said district was also improperly established in this, that it included the whole of the property belonging to the Marion Sims College of Medicine in city block No. 1278b, while only that portion of the said tract west of the line midway between Grand avenue, the street to be improved, and Carr Lane avenue, the next parallel street, should have been included, for the reason that said property which fronts 181 feet, seven inches on Grand avenue by a depth on its line of 258 feet to Carr Lane avenue has never been platted into lots; that said district was further improperly established, in this, that it included property in city blocks Nos. 2174 and 2175 which extended beyond the midway line between Grand avenue and Carr Lane

avenue, the next parallel street, and belonging to various owners, although said property was not platted into lots fronting upon Grand avenue.

That as in none of the cases above mentioned was the property platted into lots running beyond said midway line, and as in the case of said Marion Sims College of Medicine, the property was wholly unplatted, none of said properties constitute a lot extending beyond the midway line within the meaning of the charter of the city of St. Louis, and the district should in every one of such cases have stopped at the said midway line; that as said assessment district upon which said special taxbills were issued was improperly drawn or defined as aforesaid, relator tendered to the defendants herein all of said special taxbills which remained uncollected· and offered to account for such as had been collected, and demanded of defendants new special taxbills based upon a district established in accordance with the provisions of the charter of St. Louis; that defendants while admitting that the original district was improperly established in the particulars above stated, are unwilling and have refused and still refuse to make out and deliver to relator new special taxbills based upon a district established as provided by the charter of the city of St. Louis, but instead thereof have offered new special taxbills based upon a district wholly included within the lines midway between Grand avenue, the street to be improved, and the next parallel street or converging streets. That such proposed district fails to conform to the provisions of the charter of the city of St. Louis, in this, that it excludes that portion of certain platted lots running from Grand avenue, the street to be improved, to Motard street, the next parallel street lying west of the midway line between said Grand avenue and said Motard street, and all of which lots front on Grand avenue.

That said lots and their owners are as follows: In city block No. 2180, lots 11 and 12, William Grayson;

in city block No. 2180, lots 9 and 10, Hy. C. Krull; in city block No. 2179b, lots 6 and 7, Aug. H. Muegge; in city block No. 2179b, lots 2, 3, 4 and 5, St. Louis Light Artillery A. Assn.; in city block No. 2179a, lot 7, Rebecca Willi Brown.

That the proposed district was also improperly established, in this, that it excludes the rear portion of certain other lots which front upon the improvement and which extend beyond the midway line; that as all the lots last above mentioned are platted lots and front upon Grand avenue, the street to be improved, the district line should diverge so as to include the entire depth of said lots; but as above stated defendants refuse to issue special taxbills on any property beyond said midway lines.

The demurrer assigns three grounds of objection to the granting of the peremptory writ.

First. That the petition does not state facts sufficient to constitute a cause of action.

Second. That upon the facts stated relator is not entitled to any relief.

Third. The special taxbills which are now offered relator by the city of St. Louis were issued in pursuance of the apportionment of the cost of the improvement of the street in the manner required by and in conformity to the charter of St. Louis.

I. The work having been done in pursuance of a concededly valid ordinance, the relator is entitled to new special taxbills, even though the city has already issued other taxbills which can not be enforced because the assessment district was not defined and established according to the charter. In principle it is like any other tax which fails because not based upon a valid assessment; a new and legal assessment can be made. Nor does it matter that the ordinance providing for the improvement undertook to define the district and in that respect only violated the charter. As was said in

Collier Estate v. Western Paving & Supply Company, and Kauffman v. Western Paving & Supply Company, 180 Mo. 362:

"The benefit district must be established *according to the charter provisions,* and the lot or parcel of ground or the part to be subjected to the cost must lie in the district thus established, anything in an ordinance establishing a district to the contrary notwithstanding."

Was the original assessment district illegal when measured by the charter? As to Mrs. Manley's lots in city block No. 1279, there can be no doubt that the district line was improperly drawn so as to include the lots 8 to 12 inclusive which fronted on Carr Lane avenue. It is admitted her said property was originally platted into ten lots numbered from 8 to 12 inclusive fronting on Carr Lane avenue and running west to the midway line between said Carr Lane avenue and Grand avenue and lots 15 to 19 inclusive fronting on Grand avenue and running east to said midway line; the owner of these last-mentioned lots having disregarded the lot lines, and used them all as one residence lot. It is too plain for doubt that according to the charter the district line as to her property was required to be drawn midway between Carr Lane avenue and Grand avenue, because these lots were originally platted and numbered and ran only to the said midway line, those fronting on Grand avenue running east to said midway line.

As the depth of these lots brought them to the midway line, and as the charter prescribes the line shall include the depth of the lot fronting on the improvement, no other conclusion is possible, and the inclusion of her other lots fronting on Carr Lane avenue was unauthorized by any provision of the charter. If the general provision of the charter which makes the midway line the boundary of the district be applied to lots 15 and 19 inclusive, the same result would be reached that is attained by the first exception to section 14 of article 6

of the amended charter, as that exception provides that if the property adjoining the street to be improved is divided into lots, the district line shall be so drawn as to include the entire depth of all lots fronting on the street to be improved.

All the conditions of this exception are present in the case of these lots. The property *is divided into lots;* these lots *front on the street to be improved,* and as their depth takes them exactly to the midway line, that line is the charter boundary of the benefit or assessment district as to them.

This we think was clearly ruled in the Collier Estate and Kauffman case against the Western Paving and Supply Company, 180 Mo. 362.

The property of the Marion Sims College of Medicine in city block 1278b is a large unplatted tract, and as to that the Collier and Kauffman case, supra, is directly in point, and the midway line governs, and only that portion of said unplatted tract west of the midway line between Grand avenue, the street to be improved and Carr Lane avenue, the next parallel street, should have been included, and the same is true of the property in city blocks 2174 and 2175 which was not platted into lots fronting upon Grand avenue, and the district line should have been drawn at the midway line between Grand avenue and Carr Lane avenue.

Indeed there is no dispute as to the foregoing three tracts.

The real controversy is as to the boundary line of the lots above described as lying in city blocks Nos. 2179a, 2179b, and 2180. Lots 9, 10, 11 and 12 in block 2180, and lots 2, 3, 4, 5, 6 and 7 in 2179b, and lot 7 in 2179a, all front on Grand avenue, the street to be improved, and are all duly platted, but extend in depth beyond the midway line between Grand avenue and Motard street, and according to the first exception to section 14 of article 6 of the amended charter, the district line as to them is required to diverge so as to

include the whole of said platted lots to their entire depth, even though said boundary extends beyond the said midway line, and the board of public improvements improperly refuses to so define said district line, and this is also true as to all other platted lots so fronting on the street to be improved.

The inequality produced by making one rule as to platted lots and unimproved tracts, arises from the charter provision which this court can not correct.

This can only be accomplished by appropriate amendments to the charter, if the rule in fact works any great hardship.

All the questions raised by this proceeding were in fact determined by the Collier and Kauffman cases. The peremptory writ of mandamus is awarded as prayed for. *Robinson, C. J., Brace, Marshall, Valliant* and *Fox, JJ.,* concur; *Burgess, J.,* not sitting.