THE STATE ex rel. GRANITE-BITUMINOUS PAVING COMPANY v. CITY OF ST. LOUIS; MAXIME REBER, President of the Board of Public Improvements; and BENJAMIN TAUSSIG, Comptroller.

**In Banc, March 31, 1911.**

1. **BENEFIT DISTRICT: Middle of Block: Divided by Recorded Plat.** Under the charter of St. Louis, which provides that when a street is improved a line shall be drawn through the middle of the blocks on each side of such street and special taxbills issued against the property within such lines, to defray the cost

of the improvement, no condition can arise, when a block is divided by a recorded plat into lots which extend only to the middle or near the middle of such block, which will authorize the extension of the benefit district across the entire block, so as to include not only that half of the lots which front on the street to be improved, but also the other half that front on the next parallel street.

2. ———: ———: ———: **Disregarded by Proper Owners.** The block is divided by a recorded plat into two tiers of lots, those fronting on the street to be improved being 125.25 feet deep, and those fronting on the next parallel street being 136.25 feet deep. Certain persons own lots on the street to be improved and also lots immediately in their rear fronting on the next parallel street, with residences on the lots fronting on the street to be improved, and barns and other improvements on the lots in the immediate rear fronting on the next parallel street. *Held,* that the benefit district extends to the middle of the block between the two streets and no further. The provision of the charter which says that "if the owners of property have disregarded the lines of lots as platted and treated two or more lots or fractions thereof as one lot, then the whole parcel of ground or lots so treated shall be regarded as a lot" for the purpose of benefit assessments, means, when taken in connection with the other provision which requires that when a street is improved a line shall be drawn through the middle of the blocks on each side of such street and taxbills issued against the property within such lines, that such lots of these persons as front on the street to be improved, bounded on that side by a street and on the other by a line drawn midway through the block, which have been fenced or improved as one lot, should be treated as one lot, but the taxbill cannot be levied against the lot that fronts on the parallel street.

## Mandamus.

P<small>EREMPTORY</small> W<small>RIT</small> A<small>WARDED.</small>

*Sturdevant & Sturdevant* and *Chas. S. Reber* for relator.

(1) The district line should be drawn at the midway line in all cases where platted lots front on the street improved, except where the lots as platted extend beyond such line, in which event the district line should follow the lot line. As all the lots in City

Block 1287 are platted lots and none of them, as platted, extend beyond the midway line, a manifest mistake was therefore committed when such midway line was not followed in laying out the district. State ex rel. v. St. Louis, 183 Mo. 230; Collier and Kauffman cases, 180 Mo. 362. (2) Even on defendant's own theory that the use controls in determining what constitutes a lot for the purpose of fixing the assessment district, a manifest mistake was committed in not drawing the district line at the midway line in City Block 1287. Under no definition of the word *use,* found in any reported case were the platted lots in City Block 1287 used as one lot for the purposes here under consideration. (3) Moreover the charter definition of a lot has no application whatever to the fixing of the boundaries of the benefit district. It has only to do with fixing the unit for the taxbill. Collier and Kauffman cases, 180 Mo. 362; State ex rel. v. St. Louis, 183 Mo. 230.

*Lambert E. Walther* and *Truman P. Young* for respondents.

(1) Prior to the passage of the present amendments to the charter of St. Louis, the doctrine was well established that property used as one lot should be so treated in levying special assessments, irrespective of the lines of lots as platted. Kemper v. King, 11 Mo. App. 116; Wolfort v. St. Louis, 115 Mo. 139; Barber Asphalt Paving Co. v. Peck, 186 Mo. 506. (2) This doctrine was expressly retained in the present amendments to the charter. The use is the determining factor in deciding what constitutes a lot. Charter of St. Louis, sec. 14, art. 6; Meier v. St. Louis, 180 Mo. 391; Collier v. Paving Co., 180 Mo. 362; State ex rel. v. St. Louis, 211 Mo. 591.

BROWN, J.—This is an original proceeding by mandamus to compel the city of St. Louis, through the president of its Board of Public Improvements, and Comptroller, to correct alleged errors in the boundaries of a benefit or improvement district against which said officers have issued taxbills for reconstructing, re-paving and re-curbing Lafayette Avenue on the south side of Block 1287 in said city; and to further compel said officers to issue proper taxbills to relator for said improvements. It is admitted by defendants that relator has improved Lafayette Avenue pursuant to a contract duly awarded, and is entitled to compensation for such improvement.

City block 1287 is, by recorded plat, divided into two tiers of lots. Those abutting on Lafayette Avenue are 25 feet wide and 125.25 feet deep, while those on the north side of said block abutting on Henrietta, the next parallel street, are 25 feet wide and 136.25 feet deep.

Mary S. Lutz, Mary S. Broadhead, Mary W. Horton and Mary H. Orr severally own lots in block 1287 abutting on Lafayette Avenue, and also own lots in the same block abutting on Henrietta street, adjoining.and lying immediately in the rear of their said holdings on Lafayette Avenue.

The residences of these ladies are on their lots which abut on Lafayette Avenue, while some of them have barns and similar improvements on their adjoining lots fronting on Henrietta Street. The Board of Public Improvements has fixed the north boundary of the benefit district at Henrietta Street and issued special taxbills against the lots of Lutz, Broadhead, Horton and Orr, fronting on Henrietta Street, for the reconstruction and improvement of Lafayette Avenue. The relator challenges the legality of these taxbills, and prays us to fix the north boundary of the benefit district at the center of said city block 1287, so that only

234 Sup.—8

the property of said Lutz et al. lying between the center of said block and Lafayette Avenue will be encumbered with the expenses of improving said avenue.

The improvement of Lafayette Avenue was made by the relator pursuant to the provisions of section 14 of article 6 of the charter of defendant city, and the only reason assigned by defendants for extending the boundary of the benefit district northward beyond the center of said city block 1287, is that the lots owned by Lutz et al. fronting on Henrietta Street are used in connection with their Lafayette Avenue property; and therefore should be considered as one lot.

In this construction of the aforesaid charter, defendants were clearly wrong . When a block is divided by a recorded plat into lots which extend only to the middle or near the middle of such block, no condition can arise which will authorize the extension of the benefit district across the entire block—as was done in this case. The aforesaid charter provides that when a street is improved, a line shall be drawn through the middle of the blocks ,on each side of such street and special taxbills issued against the property within such lines, to defray the cost of such improvement. Said charter also provides that three-fourths of such special taxes shall be levied upon the area of all land lying within the boundaries of the benefit district, and by extending the boundary of such district to the next parallel street, as was done in this case, a special tax upon the total area of the lots owned by Lutz et al. becomes oppressive and illegal.

A part of section 14 of article 6 of the said charter of St. Louis, provides that: "If the owners of property have disregarded the lines of lots as platted and treated two or more lots or fractions thereof as one lot, then the whole parcel of ground or lots so treated as one, shall be regarded as a lot for the purpose hereof."

As applied to the facts in this case, the above pro-
vision means that such lots or fractions of lots owned
by Lutz et al. bounded on the south by Lafayette Ave-
nue and on the north by a line to be drawn midway
through block 1287, which have been fenced or other-
wise improved as one lot, will be treated as one lot for
the purpose of issuing special taxbills for improving
Lafayette Avenue, and separate taxbills need not be
issued against each of said lots or fractions of lots
so used as one parcel of ground.

The cases of Wolfort v. St. Louis, 115 Mo. 139;
Barber Asphalt Co. v. Peck, 186 Mo. 506; Meier v. St.
Louis, 180 Mo. 391; and State ex rel. Skrainka v. St.
Louis, 211 Mo. 591, do not sustain the construction
which defendants have attempted to place upon them.

In the cases of State ex rel. Paving Company
v. St. Louis, 183 Mo. 230, one Manley owned lots front-
ing on a street where improvements had been made,
also lots in the rear thereof, extending back to another
street, all of which lots she had improved as one resi-
dence property; but in that case this court held that
her rear lots could not be taxed for improvements on
a street upon which they did not abut. We regard this
case as sound doctrine. That clause of the charter
making one-half of each block fronting on a public
street chargeable with the cost of improving same
furnishes a just rule for apportioning the cost of street
improvements among the owners directly benefitted
thereby, and the exceptions to such rule noted in the
charter should not be so construed as to destroy the
spirit of the rule itself.

It is therefore considered, ordered and adjudged
that a peremptory writ of mandamus be awarded, re-
quiring and commanding defendants Maxime Reber,
as president of the Board of Public Improvements of
the city of St. Louis, and Benjamin J. Taussig, as
Comptroller of said city, or their successors in office,

to do and perform the following matters and things, to-wit:

*First.* To fix the north boundary of the benefit district chargeable with the expense of improving Lafayette Avenue at a point midway between said Lafayette Avenue and Henrietta Street so that said line shall pass lengthwise through the middle of block No. 1287 aforesaid;

*Second.* To reapportion the cost of reconstructing and improving Lafayette Avenue among the several persons owning land along said avenue, according to the law, as herein announced;

*Third.* To cancel the taxbills heretofore issued for improving Lafayette Avenue, upon surrender of the same by the relator;

*Fourth.* To issue new taxbills to relator for the several amounts properly chargeable against the lots and parcels of land along Lafayette Avenue, according to the terms of the contract under which relator has reconstructed, re-curbed, and re-paved said avenue; but before delivering said new taxbills to relator, said officers shall credit thereon all payments which may have been made upon the outstanding taxbills to be surrendered as herein directed.

*Woodson, Graves, Kennish* and *Ferriss, JJ.,* concur; *Lamm, J.,* concurs in the law as announced, but dissents on the ground that this court ought not to have assumed jurisdiction of the case; *Valliant, C. J.,* absent.