L. W. SMITH, et al., Appellants, v. THE CITY OF DES MOINES, et al.

**Public Improvements:** ASSESSMENT. Under Acts Twenty-fifth General Assembly, chapter 7, section 12, providing that an assessment for a street improvement, "shall be a lien upon the property abutting the street" on which the improvement is made and that it 1 "shall be limited to the lot or lands bounding or abutting on such street," where a tract has been platted into lots the platted bound- 2 ary lines must control, and the assessment must be limited to the lot or parcel of ground which actually abuts on the street, and cannot be extended to a contiguous point though the latter, with the abutting lot constitute a single tract, and is used jointly for a single purpose, as a residence, and fronts on the street to be improved.

SAME. A special assessment for street improvements is not void 3-4 because erroneously made against the owner as well as against the property.

ROBINSON, J., dissenting.

FRAUDULENT CONVEYANCE. The levy of an assessment for street 2 improvements cannot be defeated by a conveyance of the property liable therefor, made with the intent to evade it.

ASSESSMENT CERTIFICATES: *Rights of holders.* The holder of a special assessment certificate canot be prevented from intervening in 4 an action to enjoin the collection of the assessment, and asking for the enforcement of his lien, on the ground that the city has elected to have the property sold by the county treasurer and that such election was final.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

TUESDAY, OCTOBER 25, 1898.

ACTION in equity to enjoin the collection of special assessments for grading and paving a street, and for the cancellation of the assessments. There was a hearing on the merits, and a decree in favor of the defendant, the city of Des Moines, and the intervener, the Flint Brick Company. The plaintiffs appeal.—*Reversed.*

*Charles Mackenzie* for appellants.

*J. E. Mershon* for appellee city of Des Moines; *J. K. Macomber* for appellee Flint Brick Company.

ROBINSON, J.—Lots numbered 19, 20, and 21 of Wilson T. Smith's subdivision of part of lots 10 and 11 of Dean's outlots, in the city of Des Moines, extend lengthwise from north to south, are one hundred and forty-six feet in length, and are numbered from west to east. Each lot, as platted, was fifty feet in width; but, when platted, Pennsylvania avenue, which extends from north to south, and bounded lot 21 on its east side, was not of full width, and the east part of lot 21, constituting a strip forty feet wide, and extending the entire length of the lot, was added to the avenue, to widen it. That left a strip of the western part of the lot ten feet wide and one hundred and forty-six feet long, and that and lot numbered 20 were, at the time the assessments in question were levied, owned by Mary T. Smith, now deceased, and lot numbered 20 is now owned by the plaintiff L. W. Smith. Lots 19 and 20 and the remaining part of lot 21 are used together as one tract, which is occupied by L. W. Smith as a place of residence. The dwelling house rests in part upon lot 19 and in part upon lot 20, and fronts eastward upon Pennsylvania avenue and southward upon Walker street, which forms the south boundary of the lots, and was erected before the avenue was widened. The east front of the house is the principal one, and is reached from the avenue by means of a board walk, which is parallel to, and about forty feet north of Walker street. There have not been any improvements upon the remaining part of lot 21 since the avenue was widened. It is

covered with grass, and constitutes a part of the lawn, which is uninclosed, and is used in connection with the dwelling house. The plaintiffs seek to have the assessments canceled as to lot 20, and to have the sale thereof for the assessments enjoined.

I. On the eighth day of April, 1895, the city of Des Moines entered into an agreement in writing with M. H. King for excavating and paving portions of three streets, including that part of Pennsylvania avenue in front of lot 21. The work was to be completed between the fifteenth day of August and the first day of November, 1895. King transferred his interest in the contract to the Flint Brick Company, by which the material and labor required by the contract were furnished. On the ninth day of September, 1895, the contract having been performed, the city of Des Moines, by its proper officers, assessed upon the remaining part of lot 21 and upon lot 20, and against Mary T. Smith, the sum of three hundred and seventy dollars and four cents, as the pro rata share of that property of the cost of the improvements made. A similar assessment for curbing was made in July, and relief on account of it is asked in the petition, but nothing is claimed in this court on account of it. On the thirty-first day of July, 1895, Mrs. Smith conveyed the remaining part of lot 21 to H. W. Smith. He resided in California at the time the conveyance was made, is a brother of L. W. Smith, is without property, and does not appear to have asked for the conveyance, nor to have given any attention to the property since the conveyance was made. It is admitted that the object of the conveyance was to defeat the levy of the assessment upon lot 20. Some attention is given in argument to the time when a lien for the improvement attached, but we do not regard that as important.

If lot 20 would have been subject to the assessment had the conveyance not been made, then the latter was fraudulent and of no effect as against the assessment, under the rule announced in *Eagle Mfg. Co. v. City of Davenport,* 101 Iowa, 493. The question of chief importance which we are required

to determine is, was lot 20 so located and used that it was subject to the assessment in question? It is not, at any point, within ten feet of the street which was improved; and the appellant contends that it cannot be subjected to the assessment, because it did not abut on that street. The improvement in question was made under the provisions of chapter 7 of the Acts of the Twenty-fifth General Assembly. Section 12 of that act provides that an assessment for improving a street, with interest accruing thereon, "shall be a lien upon the property abutting upon the street or streets" on which the improvement is made, and that such lien "shall be limited to the lots or lands bounding or abutting on such street or streets, or on such improvements, and not exceeding in depth therefrom 150 feet, except in the case of sewer improvements. *   *   *" Does this mean that the lien of the assessment is limited to lots which actually abut on the street, or may it extend to all lots used together as one tract, one or more of which abut on the street? The adjudicated cases called to our attention give but little aid in determining which is the correct theory. In *Amery v. City of Keokuk,* 72 Iowa, 701, it was held, in effect, that, where parts of a lot which abutted on a street were owned by different persons, that part only which was adjacent to the street was liable for an assessment made for improving the street. That case arose under chapter 45 of the General and Public Acts of the Fourteenth General Assembly, which authorized assessments for street improvements "upon the lots or parcels of ground, or any part of either of the same, fronting upon or lying along the street, avenue or alley" which was improved. That statute, in terms, authorized the levy of assessments upon parts of lots fronting upon the street improved; and the case cited construed that provision, and does not support the theory that a lot which does not front upon the street improved may not be subjected to assessments for the improvement. The statute under consideration differs from that construed in the *Amery Case,* and we shall be aided in reaching a correct conclusion by considering various provisions of the act which controls

this case. Section 10 of that act provides for the assessment of the cost of a street improvement "upon the property fronting or abutting on, or adjacent to, said improvement." Section 11 provides for the making of plats of places where improvements are made, "showing the separate lots or parcels of ground subject to assessment for such improvement, or a specified portion thereof." Section 12, as already noticed, authorizes a lien "upon the property abutting upon the street" on which the improvement is made, and limits the lien "to the lots or land bounded or abutting on such street.    *    *    *" Section 13 provides for the discharge of a part of property subject to assessment which shall have been divided, by a pro rata payment for the part discharged, "calculated by the ratio of front feet, or square feet in area of such lot or lots, or parcel or parcels to the feet front or the area of the whole lot." And section 19 provides that the city council shall not have the right to authorize any improvement of a street, unless the owners of a majority of the feet front, or square feet in area, of the property abutting upon or adjacent to the street or streets to be improved, shall petition therefor, unless three-fourths of the members of the council shall vote for it. It is the opinion of the majority of the members of this court that the act in question must be strictly construed; that, under the various provisions to which reference has been made, where a tract of land has been platted into lots the platted boundary lines must control; that an assessment must be limited to the lot or parcel of ground which abuts on the street, however small, without regard to the use made of it, and that no subdivision which does not actually abut on the street improved, can rightfully be assessed for the improvement; and, therefore, that the assessment made upon lot 20 in controversy was unauthorized and illegal. In that view, as applied to the facts in this and similar cases, the writer does not concur. Undoubtedly it was the legislative intent to subject property abutting on a street which is improved to the payment of a proportional share of the cost of the improvement, which in most, if not all, cases will be fixed by the frontage of the property on the

street. If that property is used as an entirety for a single purpose, there is no good reason, aside from the statute, for holding that only a part of the property, to be determined by artificial lines, shall be subject to the cost. The statute limits the lien or liability for the cost of paving a street to property within one hundred and fifty feet of it, but there is no language in the statute which limits the lien to such lots as separately abut on the street, unless it be this:   "That such lien shall be limited to the lots or lands bounding or abutting on such street or streets.   *   *   *"   But that does not seem to the writer to require that each one of several lots or parts of lots, which together constitute but a single tract, used for a single purpose, shall bound or abut on a street, in order to make it liable on account of the improvement. If the language is to be construed to mean that only those lots which, considered separately, abut on the street improved, are subject to a lien for the improvement, then it appears to me that the same literalness of interpretation would lead to the conclusion that the entire lot or parcel of ground, as platted, which so abuts, would be subject to the lien, even though it were divided into two parts, one of which is not adjacent to the street, and which are owned by different persons and devoted to separate and distinct uses. That a parcel of ground which is adjacent to a street which has been improved may be divided, and a part of it be sold in good faith, and be thus relieved from liability to a lien for the street improvement, although within one hundred and fifty feet of the street, was held in *Eagle Mfg. Co. v. City of Davenport, supra,* under a statute which contained a proviso indentical in language with that under consideration. I am of the opinion, founded upon the general provisions of the statute which refer to the "property" abutting on the street improved, and the spirit and evident purpose of the statute, that mere platted boundary lines, although within one hundred and fifty feet of the street improved, do not necessarily limit the liens for the cost of the improvement, and that all of several lots within the limited distance, which together constitute a single tract of land,

may be regarded as abutting on a street, for the purpose of an assessment, if a part of them so abut. It appears in this case that the portion of lot 21 which has not been taken for the avenue is worthless, excepting for use with lot 20; and I am of the opinion that, for the reasons stated, both were properly treated as a single lot or tract of land abutting on the avenue, and were rightly assessed for their share of the cost of improving it.

II. Before the special assessment was levied, Mrs. Smith died. The appellants contend that the assessment is void because made against Mrs. Smith as well as against the property. The statute provides that the assessment shall be made upon the property which is liable for its payment; and although the statute also requires that the plat of the place or places to be improved shall show the separate lots or parcels of ground subject to assessment, and the names of the several owners, it also provides that any mistake in the name of the owner shall not vitiate the lien of the assessment. The property assessed is liable for it, and the error in also making the assessment as against Mrs. Smith is immaterial and without legal effect.

III. The intervener asked for judgment for the amount due on the assessment certificate which had been issued against the west part of lot 21 and all of lot 20, and for general equitable relief. The district court determined the amount due on the certificate, established a lien therefor on the property specified, and directed that a special execution issue for the sale of the property. Of that the appellants complain, on the ground that the city had elected to have the property sold by the county treasurer, and that the election thus made was final. The argument for the appellants in support of this claim is brief. It is not noticed in the argument of the appellees, and we shall not, therefore, discuss it at length. We content ourselves with saying that the intervener is the rightful holder and owner of the certificate, that section 15 of chapter 7 of the Acts of the Twenty-fifth General Assembly authorizes the owner of such certificates to collect

them by any of the methods provided by law for the collection of assessments for local improvements, and that section 478 of the Code of 1873, as amended, authorizes the collection of the assessment, and the enforcement of the lien therefor, by the owner thereof, by a proceeding in equity. It does not appear that the intervener has made any election, or done anything which precludes it from recovering in this action. But the opinion of the majority decides that the plaintiffs were entitled to have the assessment canceled as to lot 20, and to have the sale thereof enjoined, and that the intervener is not entitled to any relief as to said lot. The decree of the district court is therefore REVERSED.

ROBINSON, J., dissenting, as shown in the opinon.