Wm. Otis Ransom, Appellant, v. The City of Burlington.

**Paving Tax:** CONVEYANCE TO AVOID.   Plaintiff conveyed a fifteen-foot strip abutting a street to P., who was a cousin of plaintiff's divorced wife, to avoid a paving assessment.   Plaintiff had no negotiations with P., and the latter never asked for a deed, or agreed to accept one, and paid nothing therefor.   Plaintiff sent the deed to P., and it was returned to plaintiff's divorced wife. Plaintiff had it recorded at her request, and returned it to her. For whom she was acting does not appear, all inferences indicating that it was for plaintiff.   Plaintiff paid taxes on the property, ostensibly for P., but without P.'s request, and without informing anyone interested in P.'s estate of the fact.   *Held,* that the conveyance was but an artifice, which did not pass title, and did not exempt plaintiff's property adjoining such strip from assessment.

Same.   While one may lawfully dispose of his property to escape taxation, even of a general character, the law will not uphold any mere manipulation under the guise of a disposition, the only effect of which is to defeat the tax.

*Appeal from Des Moines District Court.*—Hon. W. S. Withrow, Judge.

Friday, April 13, 1900.

Action in equity to cancel an assessment for paving a street, made against real estate belonging to plaintiff.   The answer put plaintiff's right to the relief in issue.   There was a trial to the court, and from a decree dismissing the petition at plaintiff's costs, he appeals.—*Affirmed.*

*E. S. Huston* for appellant.

*Geo. S. Tracy* for appellee.

WATERMAN, J.—The facts are not in dispute. Plaintiff was the owner of a tract of land in Burlington which had a north frontage on Grand street of two hundred and ninety-three feet. In August, 1895, a resolution to pave Grand street was duly adopted by the city council. September 6, 1895, plaintiff executed to one Charles G. Perkins a deed for the north fifteen feet of said tract. September 30, 1895, the resolution to pave Grand street was vetoed by the mayor. On May 3, 1897, a further resolution to pave said street was adopted by the council. Bids were solicited for the work, and on May 16th following the contract was let. Later an assessment for a part of the cost of such work was levied against the land of plaintiff, no regard being had to the conveyance of the fifteen-foot strip. Plaintiff's claim is that the strip conveyed to Perkins is alone subject to assessment, no part of the remaining real estate abutting on the street while defendant contends that the conveyance to Perkins was merely pretended, that it was fraudulent, being voluntary, without consideration, and made for the express purpose of defeating the assessment, and therefore it should be disregarded. It will be noticed that a resolution ordering the paving of Grand street had been adopted when the conveyance to Perkins was made. It was vetoed thereafter Plaintiff admits that his purpose in making the deed was to relieve his property from the burden of an assessment that seemed pending. The assessment here amounts to seven hundred and seventy-nine dollars and fifty-eight cents. The value of the fifteen-foot strip is about one hundred dollars. If plaintiff's claim is sustained, his property practically escapes liability for the improvement made.

While one may lawfully dispose of his property to escape taxation,—even taxation of a general character,—the law will not uphold any mere manipulation, under the guise of disposition, the only effect of which is to defeat a tax. *Mitchell v. Board,* 91 U. S. 206; *Shotwell v. Moore,* 129 U. S. 590 (9 Sup. Ct.

Rep. 262.) Unless the conveyance to Perkins was valid as against plaintiff, he surely has no standing in court; and we think, in a case of this kind, after the grantor's intent is shown, the burden rests upon him to establish the validity of the transfer,—that is, to show he has really, and not colorably, merely, parted with his title. Perkins, the grantee, lived in Chicago. He was a cousin of plaintiff's divorced wife, Sue L. Ransom. Mrs. Ransom had some correspondence with him before the deed was made, but what was said does not appear. Plaintiff is not shown to have had negotiations with him; nor is it shown that Perkins ever asked for a deed, or agreed to accept one. He paid no consideration whatever, and, so far as appears, never accepted this conveyance. After the deed was made, plaintiff sent it by mail to Perkins, and it was returned to Mrs. Sue L. Ransom. Plaintiff took it from her, and, at her request, recorded it. After its record, he returned it to her. Whom she was acting for, does not appear, except by inference, and that warrants us in thinking she was acting for plaintiff. In March, 1897, plaintiff paid the taxes on the fifteen-foot strip,—he says, for Perkins; but it does not seem that Perkins requested him to do so, or that any one interested in Perkins' estate (he is now dead) has ever been informed of the fact.

The cases heretofore before this court, involving trans actions somewhat similar to the one under consideration, were disposed of on grounds quite different from those which we regard as controlling in the case at bar. See *Eagle Mfg. Co. v. City of Davenport,* 101 Iowa, 493; *Smith v. City of Des Moines,* 106 Iowa, 590. We need not discuss the effect of a transfer such as was attempted in this case, when valid between the parties, and operative to pass title. We do not wish anything said here to be taken as applying to such a case. This deed was but an artifice. No title in fact passed by it. *Fass v. Seehawer,* 60 Wis. 525 (19 N. W. Rep. 533), is a very similar case, and the

holding there supports our conclusion that the district court was fully justified in dismissing plaintiff's petition.—AF-FIRMED.