CASE 17.—ACTION BY AMANDA T. CASSELL AGAINST THE
CITY OF NICHOLASVILLE.—May 27, 1909.

# Cassell v. Bd. Councilmen City of Nicholasville

Appeal from Jessamine Circuit Court.

J. M. BENTON, Circuit Judge.

From a judgment dismissing her petition, plaintiff appeals.—Reversed.

1. Eminent Domain—Street Improvements—Injury to Property —Liablity.—Under Const. Sec. 242, requiring municipal corporations to make just compensation for property taken, injured, or destroyed by them, cities are liable to abutting property owners for injury sustained by the excavation of a street or the changing of its grade, or for any improvements that injure or destroy the property.

2. Eminent Domain—Street Improvements—Sidewalks—Injury to Property—Liability.—Const. Sec. 242, requires municipal corporations to make just compensation for property taken, injured, or destroyed by them. Ky. Stat. Sec. 3567, relating to cities of the fourth class, provides that, where the cost of a sidewalk improvement does not exceed $250, the board of council may order such improvements to be made by the abutting owners in accordance with plans and specifications furnished by the city engineer, and that, on failure of the owners to comply the board shall cause the improvements to be made. Held, that where the grade of a sidewalk was changed by the city engineer, and an abutting owner was ordered by the board to construct a pavement conforming to such grade, and did so, the city was liable for injuries to the property resulting from such change; that the owner did the work, instead of permitting the city to do it, being immaterial.

3. Eminent Domain—Street Improvements—Sidewalks—Injury to Property—Liability.—A city destroying trees growing in a public highway by changing the grade of the street is not liable to an abutting property owner damaged thereby.

N. L. BRONAUGH for appellant.

Cassell v. Bd. of Councilmen City of Nicholasville.

## AUTHORITIES.

Kentucky Statutes, Sec. 3567; By-Laws and Ordinances of the town of Nicholasville; Sec. 166; Constitution of Kentucky, Sec. 13 and 242; Dillon's Municipal Corporations, Sec. 990; City of Henderson v. McLain, 19 Ky. L. R. 1450; City of Ludlow v. Detweller, 20 Ky. L. R. 894; City of Louisville v. Hogan, 20 Ky. L. R. 1532; City of Mt. Sterling v. Jephson, 21 Ky. L. R. 1028; City of Frankfort v. Edelen, 82 So. W. 279; Barfield v. Gleason, 111 Ky. 518, 23 R. 1102; Louisville Ry. Co. v. Foster, 108 Ky. 747, 22 R. 458; Layman v. Beeler, 113 Ky. 225, 24 R. 174; Bramlett v. L. & N. R. Co., 113 Ky. 304; Hay v. City of Lexington, 114 Ky. 668, 24 R. 1495; Thomas v. City of Covington, 23 Ky. L. R. 118; L. & N. R. Co. v. Cummock, 25 Ky. L. R. 1332; City of Clinton v. Franklin, 26 Ky. L. R. 1055; Yates v. Big Sandy, 28 Ky. L. R. 207.

EVERETT B. HOOVER for appellee.

## AUTHORITIES CITED.

City of Owensboro v. Hope, 33 Ky. Law Rep. 426; Ky. Stat., Sec. 3560; Guilefoyle's Ex'or v. City of Maysville, 112 S. W. Rep. 666; Terrell v. City of Paducah, 28 Ky. Law Rep. 1241; Ky. Stat., Secs. 3567 and 3572; Sutherland on Statutory Construction, Sec. 454; City of Henderson v. Sutton, 7 Ky. Law Rep. 378; Ky. Stat., Sec. 3489; Ky. Stat. Sec. 3487; City of Latonia v. Hedger, 30 Ky. Law Rep. 1091; Sparks, &c. v. Barber Asphalt Paving Co., 112 S. W. Rep. ——; City of Henderson v. Brown, 7 Ky. Law Rep. 609; Guilefoyle's Ex'or v. City of Maysville, 112 S. W. Rep. 666; Sparks, &c. v. Barber Asphalt Paving Co., 112 S. W. Rep. 830; Owensboro v. Hope, 23 Ky. Law Rep. 776; Elliott on Roads and Streets, Sec. 645.

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

This action was instituted by the appellant, Amanda T. Cassell, against the city of Nicholasville, Ky., to recover damages for alleged injuries to her property, fronting on one of the streets of the municipality, by reason of the changing of the grade in the sidewalk upon which her house abuts.

The substantial facts, as set out in the petition, are as follows: Appellant's house is situated on her lot

in the city of Nicholasville, on the northwest corner of Mulberry and North Cross streets, fronting on the east on Mulberry street and on the south on North Cross street. On the ——— day of ———, 1908, the board of council of the city of Nicholasville adopted a resolution ordering the plaintiff (appellant) to build in front of her property on the west side of Mulberry street a cement or concrete sidewalk; the specifications for making the same being embodied in the resolution. The work was required by the resolution to be completed within 30 days after receiving notice of its passage. Notice of the passage of the resolution was executed upon plaintiff on the ——— day of ———, 1908, by the chief of police of Nicholasville, delivering to her a copy of it. It was provided in the resolution that the general grade of the pavement was to run so as to conform to the other adjacent pavements, as might be directed by the city engineer. In an attempt to comply with this order or resolution, and in order to avoid a prosecution in the police court for the failure to comply therewith, plaintiff contracted with competent workmen, who were engaged in that class of work, to make the pavement as required by the board of council. These contractors constructed the sidewalk in compliance with the requirements of the board, as embraced in the resolution, and the grade of the sidewalk was established as directed by the city engineer, and the work was done at a cost of less than $250. The grade, as directed by the city engineer, changed the old established grade of the sidewalk as it had theretofore existed in front of and adjoining plaintiff's property on Mulberry street. The old grade was lowered in such a way that it was necessary to excavate the dirt thereof to a depth of about 18 inches, and

this made it necessary to remove plaintiff's porch, which she had theretofore maintained for many years in front of her house, and which had been used and was necessary to the use of her house, thereby damaging and greatly injuring her house as a dwelling, and depreciating its rental value. The excavation of the dirt along and in front of plaintiff's house and lot did great and irreparable injury to her property in taking away the support of the front wall of her house, and in making the entrance to it from Mulberry street difficult and dangerous, and rendering the structure unsafe and much less desirable as a dwelling than it had been before, and in injuring plaintiff's fence in front of her lot so that it will have to be taken down and rebuilt, or plaintiff will have to build a retaining wall on or near the property line between her lot and the sidewalk. In order to make the sidewalk conform to the grade as established by the resolution, it became necessary to cut down and remove three of plaintiff's shade trees which for years had been maintained on the sidewalk for the purpose of protecting and beautifying her property. Under the requirements of the resolution of the board of council, she was compelled to construct her sidewalk in such way and at such place that it is now impossible to replace the porch in front of her house, and the access to her house from Mulberry street is now practically cut off. By reason of all of this plaintiff claimed she had been damaged in the sum of $2,000, for which she prayed judgment. A general demurrer to this petition was filed by the city, and sustained by the court, and, the plaintiff declining to amend her petition, it was dismissed, of which judgment she is now complaining.

We are of opinion that the court erred in sustaining the demurrer to the petition.    Ever since the adoption of the present Constitution this court has held in construing section 242 of that instrument that cities are liable to abutting property holders for injury sustained by the excavation of a street or the changing of its grade, or for any improvements that injure or destroy the property.   City of Henderson v. McClain, 102 Ky. 402, 19 R. 1450, 43 S. W. 700, 39 L. R. A. 349; Barfield v. Gleason, 23 R. 1102, 111 Ky. 491, 63 S. W. 964.   Nicholasville is a city of the fourth class, and by section 3567, Ky. St. (charter of cities of the fourth class), it is provided, among other things:  "Provided, that in all cases of original construction, reconstruction and repairing of sidewalks, where the cost of such improvement does not exceed two hundred and fifty dollars, the board of council may by resolution duly adopted at a regular meeting of said board, order such improvement to be made by the owner or owners of the lot or lots of land abutting or bordering thereon in accordance with plans and specifications furnished by the city engineer, and said plans and specifications shall be incorporated in said resolution.   Upon the failure of the owner or owners of the property abutting said improvement to comply with the requirements of said resolution within a reasonable time after notice of the adoption of said resolution the board of council shall cause such improvement to be made, and the city shall have a lien upon the property abutting said improvement for the cost of said improvement, with six per centum interest per annum thereon from the date of the passage of said resolution, and said lien shall be superior to all other liens

and enforcable as other liens herein." The improvement in question is alleged in the petition to have been of less cost than $250. Therefore, under the foregoing provisions of the charter, the general council of the city had a right to require by resolution the owner to build the sidewalk according to the plans and specifications and grade set out in the resolution. It is alleged in the petition that the plaintiff, in obedience to the resolution, had the pavement constructed in accordance with the plans and specifications furnished by the city engineer as set forth in the resolution, and that the new grade so established changed the old grade so as to injure her property as before set forth. All of these allegations of the petition are admitted to be true for the purposes of the demurrer; and, being true, we can not see how the city can escape liability under section 242 of the Constitution, as construed in the cases above cited.

We think it is entirely immaterial that plaintiff herself did the work which caused the injury. In doing this she was the agent of the city and operated under its direction. The city had a right to change the old grade and establish a new one and to have the sidewalk conform thereto; but, when it.did so, it was bound under the provisions of section 242 of the Constitution to pay the abutting property owner whatever damage she sustained by the change. It is immaterial to the city whether the owner in compliance with the requirements of the resolution performed the work herself, or whether she refused to do the work and permitted the city to have it done by others, as might have been done under the provisions of the charter above quoted. If the work was done in accordance with the requirements of the resolution, the

city was liable for the resulting damage. Of course, if the damage was the result of any unskillfulness in the manner in which it was done, then the municipality would not be liable for the incompetent work performed by the owner; but if the work was skillfully done and in accordance with the terms of the resolution, then the city, as said before, is liable for the resulting damage.

We are of opinion that the allegations of the petition sufficiently show the adoption of the ordinance, and that the work was done under its provisions, and, if there was resulting damage to appellant's property, the city is liable. We do not, however, think that it is liable for the loss of the trees which were growing in the public highway. These trees could only remain upon the sidewalk by consent of the municipality, and whenever the city authorities. by changing the grade of the street, destroyed the trees, this was a withdrawal of its permission for them to remain in the street; and the adjoining property holder has no ground for complaint that the consent of the city has been withdrawn.

For these reasons, the judgment is reversed for further procedure consistent herewith.