## Town of Erlanger v. Cody.

(Decided April 30, 1914.)

### Appeal from Kenton Circuit Court
### (Common Law & Equity Division).

1. Municipal Corporations—Taking Public Highway Into.—When a public highway is taken into a city, it becomes ipso facto a street.

of the city; and the construction of a street upon such a high-way is an original construction, and not a re-construction there-of.

2.   Municipal Corporations—Street Construction—Abutting Owners.—A municipality is not liable to the owner of abutting property for damages caused by the establishment of the original grade of a street, which was a county highway constructed on a different grade before the territory was taken into the city.

3.   Municipal Corporations—Change of Grade of Street—Abutting Owners.—Under Section 242 of the Constitution of 1891, a municipality is liable for damages caused to abutting property by the change of the grade of a street.

4.   Municipal Corporations—Where Highway Becomes Street—Construction of Sidewalks.—Where a macadamized turnpike became a street or highway of a newly incorporated town, and the town fixed the grade of the road for the purpose of constructing side-walks by making the crown or center of the road the established grade therefor, and side-walks were constructed to conform to the grade thus fixed, a different grade subsequently fixed for the reconstruction of the road or street, constituted a change of grade in the street, and made the city liable for any damage caused thereby to abutting property.

5.   Damages—Breach of Contract—Pleading.—It is a general rule that such damages as may be presumed necessarily to result from the breach of a contract need not be stated with any great particularity; but, if the facts be not necessarily implied nor the extent of them, it is necessary for the plaintiff to state the injury specifically in order to apprise the defendant of the facts intended to be proved; otherwise the plaintiff will not be permitted to give evidence of such damage on the trial.

6.   Damages—Pleading—Breach of Contract.—Where damages result necessarily from the injury or wrong complained of, they are called general damages, and will be embraced by the general statement of the facts and the demand for relief; but if such damages be the natural although not the necessary result of injury or breach of contract, they are termed special damages and must be specially stated in the petition.

HALL & ADAMS and S. W. ADAMS for appellant.

O. M. ROGERS and S. D. ROUSE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

When the town of Erlanger was incorporated as a town of the sixth class in 1897, the street known as Erlanger Road, and running through the town, was a turn-pike or macadamized public highway, of many years' existence. The appellee Cody was then the owner of a lot fronting 75 feet on Erlanger Road, upon which there

stood two frame dwelling houses. He still owns the property.

It is conceded that in 1899, after the houses had been built, the town of Erlanger established the grade of Erlanger Road for the purpose of constructing sidewalks, by making the crown or center of that road the established grade therefor.

Shortly thereafter, in 1899, the town graded certain portions of the sidewalk section of the street, including that in front of Cody's property, so as to make the sidewalks conform to the grade of the macadamized portion of the road. It also required Cody to construct a brick sidewalk in front of his property, and at his own expense. The drive or carriage-way of the road was in no way disturbed; the crown or center of the road was merely taken and used as the basis or standard of establishing the grade for the sidewalks of the town.

In 1911, the town of Erlanger, by an ordinance, ordered the reconstruction of Erlanger Road by grading the entire surface thereof to conform to a new grade established by an ordinance passed April 1, 1911. That work was done as required by the ordinance; but up to that time the grade of the road had remained as it existed before the town was incorporated.

In reconstructing the street in 1911, a fill or embankment was made in front of Cody's property, ranging from one foot seven inches to two feet nine inches higher than the crown of the old macadam road. Upon this new grade Cody was also required to build a new concrete sidewalk, at a cost of $70.00.

Cody thereupon brought this suit against the town of Erlanger for damages; and having recovered a verdict and judgment for $750.00, the town appeals.

1. Appellant first insists that Cody cannot recover because his improvements were made before the grade of the street was established, and that in buying his lots and erecting his buildings thereon while Erlanger Road was a county road, he did so subject to the subsequent right of the town, after it had been incorporated, to reconstruct the road and thus make it a street of the town according to a grade to be established by ordinance.

It is well settled in this jurisdiction that when a public highway is taken into a city, it becomes *ipso facto* a street of the city; and, that the construction of a street upon such a highway is not a reconstruction of it, but

an original construction. Gernert v. City of Louisville, 155 Ky., 591.

Furthermore, in such a case a city is not liable to the owner of abutting property for damages resulting from the establishment of the original grade of a street, which was a county highway constructed on a different grade, before the territory was taken into the city. City of Owensboro v. Hope, 128 Ky., 529, 15 L. R. A. (N. S.), 524; City of Owensboro v. Singleton, 111 S. W., 289; Philpot v. Town of Tompkinsville, 148 Ky., 511; Gernert v. City of Louisville, 155 Ky., 589.

But ever since the adoption of the present Constitution, this court in construing section 242 of that instrument, has held that cities are liable for injuries caused to abutting property by the changing of the grade of a street. City of Owensboro v. McClain, 102 Ky., 402, 39 L. R. A., 349; Barfield v. Gleason, 111 Ky., 491; Cassell v. Board of Councilmen of the City of Nicholasville, 134 Ky., 103.

Applying these rules to the case before us, appellant insists that the ordinance of April 1911 fixed the original grade of the street, and that the street having been reconstructed upon that grade, and not negligently, appellee has no case. On the other hand, appellee insists that the original grade of the street was fixed in 1899 when the town established the grade for making the sidewalks, as above stated; and that the subsequent establishment of a new grade by the ordinance of April, 1911, was a change of the grade within the rule heretofore announced, and makes the city liable for any damage thereby caused to appellee's property.

The sidewalk being a portion of the street and subject to the control of the town, it was as necessary to establish a grade for the construction of the sidewalks at the expense of the property owners, as it was for the construction of the street. The one necessarily included the other; and the act of the town in establishing the grade in 1899 by designating the crown of the road-bed as the grade of the street, was as much the establishment of a grade as if it had been fixed by a stake driven by an engineer. In either case the grade was fixed by the city and with reference to some permanent line which was to control the construction of sidewalk and street, respectively.

We are of opinion that when the town thus fixed the grade of the street and required Cody, at his own ex-

pense, to construct a sidewalk in compliance therewith, it thereby established the grade of the street; and that the grade of 1911 was a change of grade under the rule above referred to. The trial court so ruled.

2. It is insisted, however, by appellant, that the court erred in admitting testimony, over its objection, tending to show that Cody's houses had been dampened and damaged by water flowing over his lot and into his cellars; and that this was caused by the change of grade. The objection to this testimony is that it relates to special damages which, it is claimed, were not alleged in the petition.

The allegations of the petition, upon this subject, read as follows:

"In making said improvement to conform to said grade, said defendant caused and procured said street in front of plaintiff's property to be raised from 3 to 4 feet above the grade of the street theretofore existing, and caused and procured a fill from 3 to 4 feet high to be made along and in front of plaintiff's property, then. and there and thereby rendering the ingress to and egress from his property very difficult, and thereby rendering the same undesirable for either residence or business purposes; and that said lots and the buildings thereon have, by reason of the change of the grade of said street and the making of said improvement to conform to said grade as changed, been left from 3 to 4 feet above the level of the street; that said street in front of plaintiff's property is incomplete and unfinished, and plaintiff has, by reason of the acts hereinbefore complained of been unable to rent said property and has lost and been deprived of rental and income of the same to the extent of $200.00, and the market value of said property has been thereby impaired in the sum of $2,000.00, in all to the damage of the plaintiff in the sum of $2,200.00."

It will thus be seen that the petition contains no allegation whatever of damage to the houses by water, or dampness caused by water flowing into the cellars. The trial court, however, admitted the proof upon the theory that it was relevant to the question of loss of rents. This, however, is hardly a fair interpretation of the petition, since it expressly rested Cody's inability to rent his houses "by reason of the acts hereinbefore complained of," and he had only complained of the change of

grade and the resulting "fill" or embankment which affected the ingress to and egress from his property.

In Newman on Pleading, page 438, the rule as to when the petition should allege special damages is stated as follows:

"It is a general rule that such damages as may be presumed necessarily to result from the breach of a contract need not be stated with any great particularity in the petition; but, if the damages be not necessarily implied nor the extent of them, it will be requisite for the plaintiff to state the injury specially and circumstantially, in order to apprise the defendant of the facts intended to be proved, so that he may be prepared to dispute them, or else the plaintiff will not be permitted to give evidence of such damage on the trial. If the damages result necessarily from the injury or wrong complained of, they are called general damages, and will be embraced by the general statement of the facts and the demand of relief; but if such damages be the natural although not the necessary result of injury or breach of contract, they are termed special damages; and must be specially stated in the petition."

In 13 Cyc., page 175, the distinction between general and special damages, and the necessity of alleging special damages, is stated as follows:

"Of General Damages. Where by reason of a certain wrong or from the breach of a contract the law would impute certain damages as the natural, necessary, and logical consequences of the acts of the defendant, such damages need not be specifically set forth in the complaint, but are, upon a proper averment of such breach or wrong, recoverable under a claim for damages generally. Hence where a wilful wrong is committed evidence of matters tending to aggravate the damages, when necessarily or legally arising from the act complained of, is admissible without special averment."

"Of Special Damages. If the damages sought to be recovered are those known as special damages, that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary in order to prevent surprise to the defendant that the declaration state specifically and in detail the damages sought to be recovered; and an omission to so plead cannot be supplied by statements in a bill of particulars. But an allegation of gen-

eral damages for a breach of contract does not preclude an allegation of special damage incurred in preparing to execute the same."

The rule is well settled that the damages recovered must be warranted by the pleading, and that a defendant is entitled to know from the petition the character of the injury for which he must answer. Evidence of damages from injury not mentioned therein, or for which no claim for damages is alleged, or for which the claim has been abandoned, cannot, therefore, be admitted. So, in an action for personal injury, where the plaintiff describes in his petition the different parts of his body which he claims have been injured, it is presumed that this specification covers the whole cause of action, and an injury to a wholly different part of the body, or of a different loss, cannot be shown. L. & N. R. R. Co. v. Reynolds, 24 Ky. L. R., 1402, 71 S. W., 516; Maysville & Big Sandy R. R. Co. v. Willis, 31 Ky. L. R., 1251; L. & N. R. R. Co. v. Roney, 32 Ky. L. R., 1326, 108 S. W., 343; Louisville Railway Co. v. Gaugh, 133 Ky., 473; Blue Grass Traction Co. v. Ingles, 140 Ky., 494; I. C. R. R. Co. v. Beeler, 142 Ky., 778.

An analogous rule has been applied to allegations of damages to property, or to a breach of contract. 13 Cyc., 184; 28 Cyc., 1099.

Under this familiar rule of practice, the court should have rejected the testimony of the plaintiff relating to the damage claimed to have been caused by water, in the manner above stated.

For this error the judgment is reversed and the cause remanded for further proceedings.