## Cornett v. Bailey Construction Company.

(Decided May 20, 1924.)

### Appeal from Harlan Circuit Court.

1. Municipal Corporations—Ordinance for Improvements Need Not be Published and Record Need Not be Made of Yea and Nay Vote Upon Passage.—Ky. Stats., sections 3562, 3563, 3570-3574, are intended to be whole law upon subject of street improvements in cities of the fourth class, and sections 3487-3489 do not apply, and an ordinance passed more than 30 days after publication of resolution was valid, though not published, and although no record of a yea and nay vote was made upon passage.

2 Municipal Corporations—Publication of Resolution for Street Improvements One Month After Passage Valid.—Publication of a resolution for improvement of streets in city of fourth class was not objectionable because made about a month after resolution was passed, under Ky. Stats., section 3570.

3. . Municipal Corporations—That City Engineer was Only De Facto Officer Did Not Invalidate Contracts.—That acting city engineer of city of fourth class at time street improvements were resolved upon and contracts were let was serving under an invalid appointment could not be considered in an action to enforce a lien for street improvements, it being admitted that he was a de facto officer.

4. Municipal Corporations—Acceptance of Street Improvement Work by Council Final.—Acceptance of street improvement work by board of council of city of fourth class over protest of property owner was final under Ky. Stats., section 3574, and such landowner cannot maintain that council should not have accepted work in suit to enforce lien for improvement.

SAMPSON & SAMPSON and G. G. RAWLINGS for appellant.

J. S. FORESTER and JOHN D. CARROLL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

The Bailey Construction Company sued A. B. Cornett, seeking to enforce a lien for street improvements on

certain abutting lands owned by Cornett, in Harlan, a city of the fourth class.

The lower court sustained a demurrer to the petition and dismissed it. Upon appeal to this court that judgment was reversed in an opinion reported in 198 Ky. 143. On a return of the case the issues were completed by appropriate pleadings and evidence taken. Upon final hearing judgment was entered in favor of the construction company for the amount claimed and Cornett appeals.

The proceedings in the city council in reference to the matter were, September 8, 1920, a resolution calling for a certain character of improvement on streets therein designated and setting out the necessity therefor, was duly passed by a yea and nay vote. The full resolution was advertised in a newspaper published in that city on October 8th. On October 4th, an ordinance complying with the terms of the resolution was introduced, read, adopted and ordered to lay over for further steps to the regular meeting in November. On November 3rd, the ordinance was read and passed to the December meeting. The minutes of the December meeting do not appear in the record, but the ordinance is set out in full in the ordinance book as of date December 6, 1920, and concluding, "All done at regular meetings of the city council held on October 4, 1920, November 3, 1920, and December 6, 1920. Attest W. M. Jones, clerk. Approved December 6, 1920. George R. Pope, mayor." January 3rd, 1921, the ordinance was read and approved by a unanimous vote, and the same action was taken by a unanimous vote on February 7, 1921. No publication was made of this ordinance, but the letting of the contracts was fully advertised in a local newspaper for two consecutive weeks. There were two lettings, each advertised in the same way.

The contracts were let in accordance therewith, the contractor gave bond and the work proceeded during the years 1921 and 1922. On the 20th of June, 1922, the appellant, Cornett, filed a proceeding before the street committee protesting against the acceptance of the work and his objections were heard by that committee who reported adversely to him. His protest was then carried before the city council and after a hearing that body determined the question against him and confirmed the report of the street committee and the city engineer, and accepted

the work of construction as being in accordance with the contract.

On this appeal it is urged that the ordinance is void because not published as required by law. Second, for the reason that the ordinance was read but once and was passed within less than 30 days after a publication of the resolution for street improvement. Third, for the reason that no record of a yea and nay vote was made upon a passage of the ordinance.

A solution of those questions requires us to consider sections 3562-63 and 3570-71-73-74 of the Kentucky Statutes relating to street improvement in cities of the fourth class; and as incidental thereto to determine whether those sections are intended to be the whole law upon the subject or if sections 3487-3489 also apply to street improvement.

Sections 3487 and 3489 were a part of the act of 1893; 3487 refers to the duties of the clerk, and requires *ordinances* to be published once; 3489 requires ordinances for street improvement or the assessment of any taxes or license to be by yea and nay vote and recorded in the journal. Both of those sections have been brought forward in the present statute without amendment.

Subsequent to the act of 1893, charters of cities of the fourth class were amended from time to time prior to 1916, the various provisions relating to street improvements being included in sections 3562 to 3574, inclusive.

Of these, section 3567 provided for "yea and nay votes" to be taken and for the ordinance to be published "as required by section 3487," and under that act those provisions were mandatory. City of Maysville v. Davis, 166 Ky. 555; Spaulding v. City of Lebanon, 156 Ky. 37.

But by the act of March, 1916, all these various sections were amended and a comprehensive scheme adopted to include every phase of street improvement, and all former acts in conflict therewith expressly repealed.

Referring to the latter act, which is now included in sections 3562 to 3577, Ky. Statutes. Section 3562 defines the general powers of the municipality. Section 3563 authorizes the improvement of public ways, such as streets, sidewalks, &c., at the expense in whole or in part of the owners of abutting property, and provides for assessments, liens and payments. The part bearing on the issues involved in this action is that the ordinances for such construction "shall have two readings before the

board of council, and ten days shall intervene between the first and second readings.''

But there is no reference to any yea and nay vote or to advertising. By its terms this section amended and was enacted in lieu of sections 3563, 3564, 3565, 3566, 3567, 3568, 3569 of the old act.

Section 3570 of the present act requires as the initial step for the council to adopt a resolution, designating the streets, sidewalks or public ways to be improved and the necessity therefor and setting out in general terms the character and extent of the proposed improvement.

The resolution must be published in one or more issues of a newspaper at least thirty days before the ordinance ordering such improvement shall pass the council. At any time prior to final passage of the ordinance, owners of 50 per cent of the property affected may file a protest against the improvements, or a petition suggesting the character of material; and provision is made for this to be heard by the council, but there is no reference to a yea and nay vote, nor to publication.

Section 3571 authorizes contracts to be let upon competitive bidding, after advertising for two consecutive weeks in a paper of the character described in preceding sections. Bond may be required of the successful bidder and the council is given power to ''do all things necessary to the proper execution and carrying out of any such improvement, whether specifically enumerated herein or not, . . . and all courts will give a liberal construction to the rights and powers of the board of council under this act.''

Section 3572 authorizes the city engineer at the completion of the work, to make a correct estimate of the cost of the work, and to apportion it among the property owners affected; for public notice to be given at the time of the meeting of the street committee for an inspection of the work, and permits property owners to appear and file protests against the acceptance of the work, and that these protests shall be transmitted to the council, along with the report of the committee.

Section 3574 gives the property owners a further hearing before the council, but if that body accepts the work as being in accordance with the contract, and approves the report of costs and apportionment, its action is ''conclusive and binding on all parties and shall not be

questioned or contested in any court except on the ground of fraud or collusion upon the part of the council, . . . nor shall any error of the proceedings of the board of council exempt any property from the lien for the payment of such taxes, after the work has been done and accepted as provided in this section; but the board of council or the courts in which suits are pending, shall make all corrections, rules and orders to do justice to all parties concerned.''

As above suggested, sections 3487 and 3489 apply to ordinances generally, but it is evident that the legislature intended the act of March, 1916, as the complete law upon the subject, and in view of the careful and minute directions given as to every detail of the proceedings, it is improbable that it considered any other action necessary.

It will be observed that section 3567 of the old act required both a yea and nay vote, and that the ordinance be published as required by section 3487, and that in amending that section those provisions are omitted in the 1916 act, and further, that act expressly repeals all inconsistent former acts. Certainly the provisions quoted from section 3567 are inconsistent with this act and are repealed by it, and we must conclude that they are intentionally omitted.

It will not be overlooked that while the ''yea and nay vote'' and the publication of the ordinance are omitted in the new act, the resolution must be published thirty days before the ordinance is passed (sec. 3570), and two meetings must be had with ten days intervening before such passage (sec. 3563) and opportunity is accorded property owners to protest at any time between publication of resolution and final passage (sec. 3570); and the presumption is that the legislature considered that this gave all the protection afforded by the former acts. It follows that City of Maysville v. Davis and other cases construing section 3567 of the old act are not authority in the consideration of this act.

The resolution was passed on September 6th and published October 8th. As the statute fixes no particular time for publication we perceive no valid objection on this point.

The ordinance was introduced October 4th, four days before publication of the resolution. The statute does not indicate when the ordinance shall be introduced, but is mandatory in requiring thirty days to elapse after

publication before final passage and also that there shall be two readings ten days apart. Omitting the date of introduction this ordinance seems to have been read and approved at the November, December, January and February meetings of the council, all of which occurred before advertising for bids, and at the last two it received the unanimous vote of all the members.

If we omit the December meeting it still appears that the January and February meetings were over ten days apart and the final passage was more than thirty days after the publication of the resolution.

It is also suggested that the acting city engineer at the time of these transactions was serving under an invalid appointment and that the contracts were invalid on that account, but it is admitted that he was a *de facto* officer and his acts cannot be questioned in this action.

As suggested, appellant protested against acceptance of the work under the contract, but the board did accept such and its action is final in that respect, and that question is not pressed in this court.

Wherefore, judgment is affirmed.