## Pursiful v. City of Harlan.

## Pursiful, et al. v. City of Harlan.

(Decided January 20, 1928.)

### Appeals from Harlan Circuit Court.

1. Municipal Corporations.—The minutes of an improvement ordinance need not show that yea and nay vote was taken when ordinance was finally passed.

2. Municipal Corporations.—Municipal corporations are not liable for injuries to abutting property resulting from original establishment of grade of street.

3. Eminent Domain.—Since adoption of present Constitution, a municipality, having once established grade of street, cannot thereafter change it without responsibility to abutting property owners for resulting damages.

4. Municipal Corporations.—Proof that city councilman was anxious for street improvement, and that his property benefited thereby because, where earth was removed in lowering grade of part of street it was deposited in front of councilman's property, did not show that councilmen acted corruptly in enacting ordinance or make city responsible to another property owner for change of grade, where most convenient place to deposit earth removed was in front of councilman's residence.

5. Municipal Corporations.—Where tract of land fronting street was divided into six lots, only one of which fronted on street, and thereafter lots were consolidated into one property, it was assessable as one property for street improvement.

6. Municipal Corporations.—Where tract of land abutting street was divided into six lots, only one of which abutted on street, and thereafter lots were consolidated into one property, owner could not complain because cost of street improvement was assessed against four lots only.

7. Municipal Corporations.—Engineer's fee in connection with street improvement may be included as part of costs of improvement in assesing abutting property owners.

LEE & SNYDER for appellants.

J. S. FORESTER, E. H. JOHNSON, E. L. MORGAN and CHAS. B. SPICER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

B. G. Pursiful is seeking to reverse a judgment by which the city of Harlan, for the use and benefit of Owen Kelly and E. S. Forester, street contractors, was adjudged to have a lien for the sum of $1,491.15, with interest, upon two lots belonging to Pursiful, situated on Mountain View avenue in the city of Harlan. H. C. Slemp and Eunice Slemp Flannery are seeking to reverse a judgment by which the city of Harlan, for the use and benefit of Kelly and Forester, contractors, was adjudged to have a lien for $879.10, with interest, upon certain property belonging to Slemp and Flannery, situated on Mountain View avenue in the city of Harlan, and B. G. Pursiful is seeking to reverse a judgment denying to him the sum of $3,000, which he sought to recover of the city of Harlan and the said Kelly and Forester,

contractors, for changing the grade in front of his property. All of these appeals shall be disposed of in one opinion.

On March 6, 1924, the city council of Harlan, which is a city of the fourth class, passed a resolution declaring it to be a necessity to improve, grade, construct, surface, pave, gutter, etc., various streets set out in said resolution, among them being Mountain View avenue. Six councilmen voted "Yea," none voted "Nay." The resolution was duly published in Harlan Enterprise. On April 11, 1924, an ordinance providing for the improvement was introduced and passed its first reading, four councilmen voting "Yea," none voting "Nay," and, at a meeting of the council held on April 28, 1924, this ordinance had its second reading, and was passed, the minutes of that meeting showing that five members of the council were present, and that the ordinance was passed unanimously, but there is nothing to show the yeas and nays were taken; certainly they were not recorded. On June 21, 1924, after due advertising and reception of bids, the city of Harlan contracted with Owen Kelly and E. S. Forester for the construction of these streets. The engineer reported the completion of the work on Mountain View avenue, and filed an apportionment of the cost of the improvement, which was advertised in the Harlan Enterprize on September 19, and on September 23 the street committee met to inspect the work and to hear complaints and objections to the assessments. Pursiful objected, his objections were reported to the council, considered and on September 29 were overruled, and an ordinance passed, imposing assessments aggregating $1,-355.59 upon his property to pay for this improvement, and these assessments, together with a 10 per cent. penalty, make up the $1,491.15 for which the city was adjudged to have a lien on his property.

Pursiful's hope of reversing his judgment is based on the fact that the minutes fail to show the yea and nay vote was taken when this ordinance was finally passed, but that question was decided contrary to his views in the case of Cornett v. Bailey Const. Co., 203 Ky. 268, 262 S. W. 276.

In the making of this improvement, the city council deemed it necessary to grade these streets, and accordingly they did lower the grade in some places and raised it in others, and, at the point where the property of Pursiful abuts on this street, the grade was lowered about

six feet, and, feeling himself aggrieved, Pursiful, on August 8, 1924, filed a suit against the city of Harlan and Kelly and Forester, contractors, in which he sought to recover $3,000 as damages to his property resulting from this change of grade. It is admitted that this is the original establishment of a grade for this street, and we have repeatedly held that municipal corporations are not liable for injuries to abutting property resulting from the original establishment of a grade of a street. City of Somerset v. Carver, 221 Ky. 552, 299 S. W. 191; Melvin v. Central Const. Co., 185 Ky. 659, 215 S. W. 811; City of Earlington v. Newton, 215 Ky. 445, 285 S. W. 196; Ewing v. City of Louisville, 140 Ky. 726, 131 S. W. 1016, 31 L. R. A. (N. S.) 612; Owensboro v. Singleton, 111 S. W. 284, 33 Ky. Law Rep. 775.

If this were not the original establishment of a grade for this street, this rule would not be applicable. We have uniformly held, since the adoption of the present Constitution, that a municipality, having once established a grade cannot thereafter change it without responsibility to abutting property owners for resulting damages. Dayton v. Rewald, 168 Ky. 398, 182 S. W. 931; Louisville v. Lausberg, 161 Ky. 361, 170 S. W. 962; Erlanger v. Cody, 158 Ky. 625, 166 S. W. 202; Cassell v. Nicholasville, 134 Ky. 103, 119 S. W. 788; Owensboro v. Hope, 128 Ky. 524, 108 S. W. 873, 33 Ky. Law. Rep. 375, 15 L. R. A. (N. S.) 996; Louisville v. Caron, 90 S. W. 604, 28 Ky. Law Rep. 844; Frankfort v. Edelin, 82 S. W. 279, 26 Ky. Law Rep. 601; Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 24 Ky. Law Rep. 174; Louisville v. Hegan, 49 S. W. 532, 20 Ky. Law Rep. 1532; Ludlow v. Detweller, 47 S. W. 881, 20 Ky. Law Rep. 894.

Which rule shall apply is determined by whether the grading done is the original establishment of a grade or is the change of a theretofore established grade. The petition alleged that this grading was done before and without the passage of any ordinance adopting or approving specifications for such change, and seeks to hold them liable as trespassers, but there is a complete failure of proof to sustain that. It is charged in the petition that this changing of the grade was done corruptly, for the purpose of benefiting some one. The proof does show that Mr. Rawlings, a member of the council, was very anxious for this street improvement, and there was some proof that his property was benefited by it. The earth that was removed in lowering this grade was de-

posited in the street in front of his property, but the proof also showed that was the nearest and most convenient place at which to place this earth. The earth did not belong to Pursiful, and, although Rawlings was shown by the proof to have made some statements that his property was improved by the construction of this street and by having this earth placed in the street in front of it, that is not enough to show that the council acted corruptly, or to make the city responsible to Pursiful for this change of grade. The court properly instructed the jury peremptorily to find for the defendants in this case.

H. C. Slemp and Eunice Slemp Flannery own a piece of property on the corner of Mountain View avenue, and Highland avenue. This tract fronts 101 feet on Mountain View avenue, and 150 feet on Highland avenue. When this property was first subdivided and sold, years ago, it was cut into lots 25 feet wide and 100 feet deep, fronting on Highland avenue. Lot 37 is on the corner of Highland avenue and Mountain View avenue. It fronts 25 feet on Highland, and extends back 100 or 101 feet, and abuts for that distance upon Mountain View avenue. It is between Mountain View avenue and lot 38. This last lot fronts 25 feet on Highland avenue, and extends back 100 or 101 feet parallel to Mountain View avenue, and separated therefrom, however, by lot 37. In like manner lot 39 is separated from Mountain View avenue by lots 37 and 38; but these lots, 37 to 42, inclusive, some years ago, were consolidated into one ownership, and have been since so owned and used. There is a very large house situated upon lot 39, and, if we understand the evidence correctly, a portion of this house rests on lot 38 and a portion on lot 40, but the main part of it is on lot 39. All six of these lots have been used as one property, and tenants occupying this house have had gardens on various parts of these six lots. The question presented by Slemp's appeal is, does the lien for this improvement attach to any of the six lots thus consolidated into one property, or is it confined to lot 37, which is the only lot that touches Mountain View avenue? This is not a new question in this state. In Davis & Co. v. McDonald, 200 Ky. 828, 255 S. W. 833, we decided this question adversely to Slemp's contention. This question has been before the courts of other states, and, in the case of Smith et al. v. Des Moines, 106 Iowa, 590, 76 N. W. 836,

it was held that under such circumstances no lot except the abutting lot could be assessed. A similar decision was made in Becker v. B. & O. S. W. Ry. Co., 17 Ind. App. 324, 46 N. E. 685, and in the case of Langlois v. Cameron, 201 Ill. 301, 66 N. E. 332, the court held that only the lot actually abutting could be assessed, but said, however, that, if there had been proof that the two lots there in question had been consolidated and used as one lot, the rule would be different. Other courts have held and the great weight of the authority is that, where division lines have been disregarded, and adjoining lots have been consolidated under one ownership and used as one piece of property, they can be assessed as one piece of property for public improvements. See Barber Asphalt Paving Co. v. Peck, 186 Mo. 506, 85 S. W. 387; Wolfort v. St. Louis, 115 Mo. 139, 21 S. W. 912; Chester v. Eyre, 181 Pa. 642, 37 A. 837; Parsons v. Grand Rapids, 141 Mich. 467, 104 N. W. 730; Granite B. P. Co. v. McManus, 144 Mo. App. 593, 129 S. W. 448; City of Weston v. Chastain (Mo. App.) 234 S. W. 350; Borough of Dunmore v. Conrad, 76 Pa. Super. Ct. 473; Abbot v. City of Milwaukee, 236 F. 671, 150 C. C. A. 3; Mound City v. Melvin (Mo. App.) 205 S. W. 254.

We are persuaded that, where, as in this case, adjoining lots have been consolidated into one ownership and treated as one piece of property, by the owners, that both reason and the weight of authority authorize their assessment as one piece of property for the making of public improvements. Under this rule, the court would have been authorized to assess the cost of this improvement against the whole of this Slemp property, that is, against all six lots, as they really constituted but one piece of property, though but one of the lots abutted on the street improved. However, the court only assessed the cost of this improvement against lots 37, 38, 39 and 40; but the city is not complaining, and Slemp cannot complain when the cost is assessed against only four of them. His complaint that any of the lots other than 37 were included cannot be sustained.

There is another alleged error presented by these appeals, and that is the inclusion in this construction cost of a fee of 5 per cent. to the engineer, but that question has been recently decided adversly to the contention of the appellants. See Hoerth v. City of Sturgis, 221 Ky. 835, 299 S. W. 1074. In that case we followed and cited former opinions of this court.

Finding no error in the record, all three of these judgments must be affirmed.